KENNEDY, Justice
(dissenting).
The majority opinion never addresses this case’s dispositive issue, which is whether David Emery represented V.B.N. in the proceedings. The Court of Civil Appeals addressed that issue properly and determined that he did not. It is absolutely inconceivable that Emery in any manner represented V.B.N., especially considering that his actions in making the agreement with W.Y. would, according to even his own words, “only help” W.Y., not V.B.N. I could write a longer and more intense dissent explaining in detail my position in this case, but there is little point in doing that, because the Court of Civil Appeals held what I would hold and the majority has rejected that holding. A great injustice may be inflicted on V.B.N. in the underlying action as a result of the majority’s resolution of W.Y.’s petition for manda *1181 mus, although there is a strong and very compelling argument based on general principles of law and in particular on Ex parte Martin, 565 So.2d 1, 3 (Ala.1989), that the judgment in the underlying action is not binding on V.B.N. if she is not a party to it. Our legal system seeks to obtain justice, which the Court of Civil Appeals did obtain with its opinion. Today’s majority decision is unjust. Accordingly, I strongly dissent.